1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL JUSI, an individual, | NO. |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |
| COSTCO WHOLESALE CORPORATION, and MIDEA AMERICA CORP., | |
| Defendants. | |

COMES NOW the Plaintiff, GABRIEL JUSI, (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, JOHNSON BECKER, PLLC and DIAMOND~MASSONG, PLLC, and hereby submits the following Complaint and Demand for Jury Trial against Defendants, COSTCO WHOLESALE CORPORATION (hereafter referred to as "Costco") and MIDEA AMERICA CORP. (hereafter referred to as "Midea") (collectively, "Defendants"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## I.    NATURE OF THE CASE

1.    This is a product liability action based upon causes of action under the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq.,* for strict liability, negligence, breach of implied warranties, etc., seeking recovery for substantial personal injuries and damages suffered by Plaintiff.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 1

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

2.      Plaintiff seeks recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by an Instant Pot Duo Gourmet 60, (hereafter generally referred to as "pressure cooker(s) or "subject pressure cooker") marketed, imported, distributed, and sold by Costco and designed, manufactured, marketed, imported, distributed and/or sold by Midea and Instant Brands, Inc. ("Instant Brands"). Instant Brands is currently engaged bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed. See In re: Instant Brands Acquisition Holdings, Inc., et al., 4:2023-bk-90716 [Dkt. 1].

3.      Defendants market, import, distribute, and sell a wide-range of consumer products, including the subject pressure cooker that is at issue in this case.

4.      Said pressure cookers are advertised as convenient and safe and are touted for their supposed "safety" features, which claim to prevent the units from being opened while in use.[1] Despite these claims of "safety," Defendants marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

5.      Specifically, said defects manifest themselves when, despite claims to the contrary, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing him serious and substantial bodily injuries and damages.

6.      On or about December 22, 2022, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed safety features, which purport to keep the consumer safe while using the pressure cooker.

7.     Defendants knew or should have known of these defects, but have nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like him.

8.     As a direct and proximate result of Defendants collective conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## II.     GABRIEL JUSI

9.     Plaintiff is a resident and citizen of the City of Buford, County of Gwinett, State of Georgia.

10.     On or around December 2022, Plaintiff and his family purchased the subject pressure cooker online from Costco's store located at 1550 Mall of GA Blvd., Buford, Georgia.

11.     On or about December 22, 2022, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety features," which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as a result of Defendants' failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ♦ 206.445.1257 Fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### III.     DEFENDANT COSTCO

12.     Defendant Costco markets, imports, distributes, and sells a variety of consumer products, including the subject pressure cooker in this case.

13.     Defendant Costco is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Washington with its headquarters and principal place of business located in Washington. Costco is therefore deemed to be a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

14.     At all times relevant, Costco substantially participated in the marketing, import, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

### IV.     DEFENDANT MIDEA AMERICA CORP.

15.     Defendant Midea America Corp. designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

16.     Defendant Midea is, and was at the time of Plaintiff's injuries, a corporation organized and existing under the laws of the State of Florida with its headquarters and principal place of business located in Parsippany, New Jersey, and does business in all 50 states. Midea America Corp. is therefore deemed to be a resident and citizen of both the State of Florida and the State of New Jersey for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

17.     At all times relevant, Midea substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiffs' injuries and damages.

### V.     JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

20.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Costco is a resident and citizen of the State of Washington.

21.    Venue in this Court is also proper pursuant to 28 U.S.C. § 1391 in that both Defendants Costco and Midea have sufficient minimum contacts with the State of Washington and intentionally availed themselves of the markets within Washington through the promotion, sale, marketing, and distribution of their products.

## VI.    **FACTUAL BACKGROUND**

22.    The subject pressure cooker was designed, manufactured, marketed, imported, distributed, and/or sold by Instant Brands, Inc.

23.    On or about June 12, 2023, Instant Brands filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay was imposed. See In re: Instant Brands Acquisition Holdings, Inc., et al., 4:2023-bk-90716 [Dkt. 1].

24.    The pressure cookers marketed, imported, distributed, and sold by Defendants purport to be designed with "safety mechanisms" which promise to "eliminate many common errors which may cause harm or spoil food."[2]

25.    Specifically, according to the User Manual accompanying each individual unit sold, "[a]s a safety feature, the lid [of the subject pressure cooker] is locked and won't open until the float valve drops down," indicating that the consumer should not be able to open the lid until all pressure has been released and the unit is safe to open.

26.    By reason of the forgoing acts or omissions, the above-named Plaintiff and his family purchased the pressure cooker with the reasonable expectation that it was properly

---

[2] *See* "10 Safety Mechanisms – Duo, Duo Plus, Lux, Nova, Nova Plus and Viva," https://www.instanthome.com/support/instant/resources (last accessed March 20, 2023).

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 5

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

27.    Plaintiff used his pressure cooker for its intended purpose of preparing meals for himself and/or his family and did so in a manner that was reasonable and foreseeable by the Defendants.

28.    However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, his family, and similar consumers in danger while using the pressure cookers.

29.    The subject pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

30.    Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

31.    Defendants knew or should have known that the pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendants continue to ignore and/or conceal their knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of the pressure cookers.

32.    As a direct and proximate result of Defendants' concealment of such defects, their failure to warn consumers of such defects, their negligent misrepresentations, and their failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 6

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ✦ 206.445.1257 Fax

33.     Consequently, Plaintiff in this case seeks compensatory damages resulting from the use of the subject pressure cooker as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

### VII.    CLAIMS FOR RELIEF

### COUNT I - STRICT PRODUCTS LIABILITY

34.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

35.     This count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq*.

36.     At the time of Plaintiff's injuries, the pressure cookers marketed, imported, distributed, and sold by Defendants were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

37.     The subject pressure cookers, including Plaintiff's pressure cookers, were in the same or substantially similar condition as when they left the possession of Defendants.

38.     Plaintiff did not misuse or materially alter the pressure cooker.

39.     The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

40.     Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

a.  The pressure cookers imported, distributed, marketed, supplied and/or sold by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b.  The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ✦ 206.445.1257 Fax

c.  Defendants failed to properly import, distribute, market, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d.  Defendants failed to warn and place adequate warnings and instructions on the pressure cookers; and

e.  Defendants failed to adequately test the pressure cookers.

41.  Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

### COUNT II - NEGLIGENCE

42.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

43.  This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq*.

44.  Defendants had a duty of reasonable care to import, distribute, market, supply, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and his family.

45.  Defendants failed to exercise ordinary care in the import, distribution, supply, warnings, quality assurance, quality control, advertising, marketing, promotion, and sale of the subject pressure cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

46.  Defendants were negligent in the, import, distribution, supply, advertising, warning, marketing and sale of the subject pressure cookers in that, among other things, they:

a.  Failed to use due care in importing, distributing, supplying, advertising, marketing and selling the pressure cookers to avoid the aforementioned risks to individuals;

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 8

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ✦ 206.445.1257 Fax

b. Placed an unsafe product into the stream of commerce; and

c. Were otherwise careless or negligent.

47. Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendants continued to market (and continue to do so) the pressure cookers to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT III

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

48. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

49. This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq.*

50. Defendants imported, marketed, distributed, supplied, and sold the subject pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

51. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

52. The pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use as described herein in this Complaint.

53. Plaintiff in this case reasonably relied on Defendants' representations that the pressure cookers were a quick, effective and safe means of cooking.

54. Defendants' breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 9

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

COUNT IV - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

55.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

56.    This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq*.

57.    At the time Defendants imported, marketed, supplied, distributed and sold the subject pressure cookers to the Plaintiff in this case, Defendants warranted that the pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

58.    Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

59.    The pressure cookers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

60.    Plaintiff in this case and/or his family purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

61.    Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

VIII.    <u>INJURIES & DAMAGES</u>

62.     As a direct and proximate result of Defendants' collective negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident.  Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

63.    As a direct and proximate result of Defendants' collective negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

64.    As a direct and proximate cause of Defendants' collective negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns he suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for his past, present and future medical and other expenses in an amount which shall be proven at trial.

## IX.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.    Judgment for Plaintiff and against Defendants;

b.    Damages to compensate Plaintiff for his injuries and suffering sustained as a result of the use of the Defendants' pressure cooker;

c.    Pre- and post-judgment interest at the lawful rate;

d.    A trial by jury on all issues of the case;

e.    An award of attorneys' fees; and

f.    For any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

## JURY TRIAL DEMANDED

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

Respectfully submitted,

**DIAMOND~MASSONG, PLLC**

By: /s/ Maria S. Diamond
Maria S. Diamond, WSBA No. 13472
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
(206) 445-1258
maria@diamondmassong.com

*In association with:*

**JOHNSON BECKER, PLLC**

/s/ Adam J. Kress
Adam J. Kress, Esq., MN ID #0397289
*Pro Hac Vice application forthcoming*
Anna R. Rick, Esq., MN ID #0401065
*Pro Hac Vice application forthcoming*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax