THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

GABRIEL JUSI, an individual,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,
and MIDEA AMERICA CORP.,

Defendants.

Cause No. 2:24-cv-02067-JCC

**JOINT STATUS REPORT
AND DISCOVERY PLAN**

**TO: ALL PARTIES and THEIR COUNSEL:**

The parties, through their undersigned counsel, hereby submit their joint status report and discovery plan pursuant to Fed. R. Civ. P. Rule 26(f) and LCR 26(f) as follows:

1. The parties will be ready for trial by April 2026.

2. The parties estimate that 3-4 days will be required to try this case.

3. The parties exchanged Initial Disclosures on February 19, 2025, and no issues remain with respect to them.

4. The possibilities for promptly settling or otherwise resolving the case are moderate, but likely contingent upon appearance counsel for the manufacturer of the subject pressure

JOINT STATUS REPORT AND DISCOVERY PLAN – 1
Cause No. 2:24-cv-02067-JCC

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

cooker due to an indemnity agreement. The parties understand that representatives of the manufacturer are currently considering tender of the defense of Plaintiff's claims.

5. Alternative dispute resolution: Please see No. 4, above.

6. Pending related or similar cases in this jurisdiction: *Fred Hatcher, Jr. v. Amazon.com, Inc.*, Case No. 2:24-cv-01778-LK, involves allegations of a substantially similar pressure cooker manufactured and sold by Instant Brands, LLC.

7. The parties will manage discovery in an effort to promote the expeditious and inexpensive resolution of the case by limiting depositions to only essential individuals, and by agreeing wherever appropriate to share in the cost of production of records by any third party(ies), and by eliminating duplication of efforts in obtaining records. The parties will also schedule discovery/case management conferences with the judge assigned to the case as necessary.

8. The targeted discovery that each side anticipates seeking: The parties believe that the subject matter of additional discovery would consist of the following:

- Written discovery related to liability and damages;
- Depositions of Plaintiff and others knowledgeable regarding damages;
- Corporate deposition of the Defendant;
- Investigation, reports, and depositions of the parties' liability experts;
- Fed. R. Civ. P. 35 exam of Plaintiff, and related expert reports and depositions.

The parties do not believe that discovery should be conducted in phases or be limited to or focused upon particular issues.

9. Phasing motions to facilitate early resolution of potentially dispositive issues: The parties do not believe that phasing of motions is necessary at this time. Defendant Costco will likely be filing a motion to change venue pursuant to 28 U.S.C. Section 1404.

JOINT STATUS REPORT AND DISCOVERY PLAN – 2
Cause No. 2:24-cv-02067-JCC

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

10.     Any preliminary issues relating to the preservation of discoverable information and the scope of the preservation obligation: None at this time.

11.     The parties agree that in the event of inadvertent disclosure of privileged information, the party to whom the information has been disclosed will make a reasonable effort to identify the potential existence of privilege.  In the event that a disclosure reasonably appears to contain privileged information, the attorney for the party to whom the disclosure was made shall immediately notify the disclosing party.  If privilege and inadvertent disclosure is confirmed, the privileged item(s) shall be immediately returned, and will not be reviewed further. All copies of the disclosure shall be destroyed, and no further dissemination will occur.

12.     Whether the case will involve the preservation and production of Electronically Stored Information ("ESI") and, if so: The parties believe that only minimal ESI will be implicated, if any. In the event, however, the amount of ESI implicated appears voluminous, the parties agree to revisit whether the Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation (the "Model ESI Agreement"), or a modified version thereof, is appropriate.

13.     If one or more of the parties intend to engage in the discovery of ESI and are unable to agree to the Model ESI Agreement or a modified version thereof, whether they are able to reach agreement regarding the following topics and the substance of their agreement:

(i) the nature, location, and scope of ESI to be preserved by the parties;

(ii) the formats for production of ESI (whether TIFF with a companion text file, native, or some other reasonably usable format);

(iii) methodologies for identifying relevant and discoverable ESI for production, including:

(a) (b) (c) (d) methods for identifying an initial subset of sources of ESI that are most likely to contain the relevant and discoverable information as well as methodologies for culling

JOINT STATUS REPORT AND DISCOVERY PLAN – 3
Cause No. 2:24-cv-02067-JCC

the relevant and discoverable ESI from that initial subset; identifying the custodians and non-custodial data sources, including all third party data sources, most likely to have discoverable information; any plans to filter data based on file type, date ranges, sender, receiver, custodian, search terms, or other similar parameters; and the use of any computer- or technology-assisted review, including any plans to use keyword searching, mathematical or thesaurus based topic or concept clustering, or other advanced culling technologies.

(iv) whether ESI stored in a database or a database management system can be identified and produced by querying the database for discoverable information, resulting in a report or a reasonably usable and exportable electronic file for review by the requesting counsel or party.

Dated this 28th day of February, 2025

MIX SANDERS THOMPSON, PLLC

*/s/ George Mix (w/permission)*
George A. Mix, WSBA No. 32864
MIX SANDERS THOMPSON, PLLC
1601 Fifth Avenue, Ste. 1800
Seattle, WA  98101
Tel:    206-678-1000
Email: george@mixsanders.com
Attorneys for Defendant Costco

DIAMOND-MASSONG, PLLC

*/s/ Maria Diamond (w/permission)*
Maria S. Diamond, WSBA No. 13472
DIAMOND-MASSONG, PLLC
1325 Fourth Ave, Ste 1744
Seattle, WA 98101
Tel: 206-445-1258
Email: maria@diamondmassong.com
Attorneys for Plaintiff

MIX SANDERS THOMPSON, PLLC

*s/ Jordan D. Kember (w/ permission)*
Jordan D. Kember, WSBA No. 62830
MIX SANDERS THOMPSON, PLLC
1601 Fifth Avenue, Ste. 1800
Seattle, WA  98101
Tel: 206-678-1000
Email: jordan@mixsanders.com
Attorneys for Defendant Costco

JOHNSON BECKER, PLLC

/s/ Adam J. Kress
Adam J. Kress, MN No. 0397289
Anna R. Rick, MN No. 0401065
Johnson Becker, PLLC
444 Cedar St, Ste 1800
St Paul, MN 55101
Tel: 612-436-1800
Email: akress@johnsonbecker.com
Attorneys for Plaintiff

JOINT STATUS REPORT AND DISCOVERY PLAN – 4
Cause No. 2:24-cv-02067-JCC

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980